STEPHEN D. HANS & ASSOCIATES, P.C.
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**SOCRATES CASTILLO**,

                                        Plaintiff,
       -against-
                                                             **COMPLAINT**

**VENTURE, NY PROPERTY MANAGEMENT, LLC**
**d/b/a VNYPM Property Management**
**and KEW MANOR OWNERS CORPORATION**,        **Jury Trial Demanded**

                                      Defendants.
-------------------------------------------------------------------X

## COMPLAINT

The plaintiff **SOCRATES CASTILLO** ("Plaintiff"), by and through his attorneys, Stephen D. Hans & Associates, P.C., as and for his Complaint against defendants **VENTURE, NY PROPERTY MANAGEMENT, LLC d/b/a VNYPM Property Management** (hereinafter "**VNYPM**"), and **KEW MANOR OWNERS CORPORATION** (hereinafter "**KMO**") (collectively, the "Defendants"), alleges, upon personal knowledge, and upon information and belief where so stated, as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiff's rights guaranteed to him, by (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the requirement that employers furnish

employees with accurate wage statements on each payday containing specific categories of information under the New York Labor Law ("NYLL"), N.Y. Lab. Law § 195(3); and (iv) the requirement that employers furnish employees with the required notice of pay rate and payday on hire containing specific information under the NYLL, N.Y. Lab. Law § 195(1).

2. The Defendant KMO is a corporation that owns a residential building in Queens County, New York City, and the Defendant VNYPM, is a management company which is contracted by KMO.

3. Plaintiff worked for Defendants as a building superintendent and/or laborer performing various work including cleaning and repairs in Defendants' building from February 2018 until his termination in November 2022.

4. Throughout his employment as described below, the Defendants required Plaintiff to work anywhere between 65-90 hours per week and to be on call for every hour during the remainder of every week.

5. However, Defendants failed to pay Plaintiff at the overtime rate of pay of one and one half times the minimum wage rate for each hour that Plaintiff worked per week in excess of forty, as the FLSA requires.

6. In addition, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday, and further failed to furnish Plaintiff with a notice of pay rate and payday upon his hire, as the NYLL requires.

7. Plaintiff brings this lawsuit against Defendant pursuant to 29 U.S.C § 216(b) and NYLL §§ 198, 195(1), and § 195(3).

## JURISDICTION AND VENUE

8. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1131, as this action arises under 29 U.S.C. § 201. *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for Plaintiff's claims arising under New York law. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claim for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as the Defendants operate their businesses within this judicial district.

10. Venue is proper in Eastern District of New York pursuant to 28 U.S.C § 1391(b), because Defendants' principal places of business are located in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in such district.

11. This Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C §§ 2201 and 2202.

## PARTIES

12. Plaintiff is a resident of The State of New York and resides in Queens County.

13. The Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

14. Defendant VNYPM is a limited liability company organized under the laws of the State of New York that has a principal place of business located at 43-10 11th Street, Long Island City, New York 11101, and is registered with the New York State Department of State to receive service of process.

15. Together with KMO, VNYPM possesses operational control over employees of KMO, including Plaintiff, and controls significant functions of KMO.  Together with KMO, VNYPM set KMO's payroll policies, including the unlawful practices complained of herein, and had the authority to hire and fire employees of KMO, including Plaintiff. Throughout the relevant time period, upon information and belief, VNYPM was involved in determining KMO's policies with respect to payroll, maintaining employee records, and otherwise overseeing and supervising KMO's employees, including Plaintiff.

16. VNYPM participated in the day-to-day operations of KMO and acted intentionally in its direction and control of the Plaintiff, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and relevant regulations promulgated thereunder including 29 C.F.R. § 791.2, as well as the NYLL § 2 and relevant regulations promulgated thereunder, and is jointly and severally liable with KMO for all of the violations of law asserted by the Plaintiff herein.

17. Defendant KMO is a corporation organized under the laws of the State of New York that has a principal place of business located at 131-11 Kew Gardens Road, Richmond Hill, NY 11418, and is registered with the New York State Department of State to receive service of process.

18. Together with VNYPM, KMO possesses operational control over employees of KMO, including Plaintiff, and controls significant functions of KMO.  Together with VNYPM, KMO set payroll policies for its employees, including the unlawful practices complained of herein, and had the authority to hire and fire its employees, including Plaintiff. Throughout the relevant time period, upon information and belief, KMO was involved in

determining its policies with respect to payroll, maintaining employee records, and otherwise overseeing and supervising its employees, including Plaintiff.

19. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).  At all relevant times, Defendants employed the Plaintiff within the meaning of the FLSA.

20. At all relevant times, the Plaintiff was employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

21. At all relevant times herein, the Defendants' qualifying annual gross revenues exceed $500,000.00, and the Defendants are engaged in interstate commerce within the meaning of the FLSA as they utilize goods having travelled in interstate commerce such as tools, supplies, and other instrumentalities, the combination of which subjects the Defendants to the FLSA's minimum wage and overtime requirements as an enterprise.

22. Furthermore, all of the Defendants' employees, including Plaintiff, are and/or were individually engaged in interstate commerce, as they handled and handle goods and work with tools and other supplies that have been and continue to be moved in interstate commerce.  This independently subjects Defendants to the minimum wage and overtime requirements of the FLSA with respect to Plaintiff.

## BACKGROUND FACTS

23.  At all times relevant to this action, Plaintiff was (and is) and adult individual residing in Queens County, State of New York.

24. Defendant KMO is a domestic business corporation that owns the property and building located at 131-11 Kew Gardens Road, Richmond Hill, NY 11418.

25. Defendant VNYPM is a domestic corporation with a principal place of business located at 43-10 11th Street, Long Island City, NY 11101 that manages residential real estate and specifically the residential building owned by KMO and located at 131-11 Kew Gardens Road, Richmond Hill, NY 11418.

26. Both Defendants were empowered to make and did in fact make decisions with respect to the Plaintiff's pay rates, hours worked, job duties, terms and conditions of employment, and the issuance of wage statements on each payday. Both Defendants have the ability to and are responsible for hiring and firing all employees who worked at the subject premises, including Plaintiff.

27. Plaintiff commenced his employment with Defendants in or about February 2018.

28. Defendants terminated Plaintiff on or about November 23, 2022.

29. Throughout his employment, Plaintiff performed work for the benefit of both the Defendants, both of whom benefitted financially from Plaintiff's work and the manner in which they paid Plaintiff.

30. Plaintiff was employed as the superintendent of the building located at 131-11 Kew Gardens Road, Richmond Hill, NY 11418.

31. Plaintiff resided in the building at 131-11 Kew Gardens Road, Richmond Hill, NY 11418.

32. During his employment with Defendants, Plaintiff performed general maintenance duties in the building and its apartment units, including ensuring the cleanliness of the common areas of the building, responding to tenant complaints and concerns, repairing and painting walls, doors, staircase, and ceilings, installing and repairing cabinets, sinks, and other fixtures, and performing various electrical and plumbing repairs and installations for the apartments located in the building.

33. As the building superintendent, Plaintiff lived and worked in the Defendants' building. In this capacity, Defendants required Plaintiff to be actively engaged in work from 8:00am to 10:00p.m. Monday through Friday and often on both days of the weekend. They also required him to remain close to the building and be available or on call, at all other times of the week as well as the entire weekend. As a result, adding up those hours, Defendants required Plaintiff to work, and Plaintiff did in fact work, hours that range from 65 to 90 hours per week. The Defendants also required Plaintiff to be engaged "to wait to work" and Plaintiff was in fact engaged to wait to work, for the remaining hours per week, all to the Defendants' benefit.

34. For his services, the Defendants paid Plaintiff a flat weekly wage that ranged from $667.00 to $880.00, which was intended to cover only forty hours worked per week.

35. The Defendants did not compensate Plaintiff at the correct required minimum wage rate for each hour worked by Plaintiff during each weekly pay period. Moreover, the Defendants did not compensate Plaintiff at the required overtime rate of one and one-half times his regular rate of pay for any and all hours that Plaintiff worked per week in excess of forty.

36. Defendants paid Plaintiff on a weekly basis by check.

37. During his full tenure of employment, in paying Plaintiff each week, the Defendants intentionally did not furnish Plaintiff with a statement that accurately listed all of the following: Plaintiff's hourly rate of pay, Plaintiff's overtime rate of pay, Plaintiff's total number of hours worked, the number of units in each building to which Plaintiff was assigned to work, and the basis for computing Plaintiff's straight-time or overtime rates of pay, as the NYLL requires. Instead, Defendants made payments via check to Plaintiff

without any corresponding statement regarding the rate of pay he received or hours that he worked.

38. Defendants never provided the Plaintiff with a wage notice at his time of hire, or at any point thereafter, containing the information set forth in NYLL § 195(1).

39. The Defendants' actions, as described above, were taken in willful defiance of the FLSA and NYLL. Indeed, the Defendants engaged in this course of conduct to minimize labor and costs and maximize their profits.

40. On average and based upon recollection, Plaintiff worked in the range of 65 to 90 hours per week.

41. Defendants did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

42. Upon information and belief, Defendants disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete time records and payroll records with respect to the Plaintiff's employment.

43. Plaintiff was not properly compensated at the minimum wage rate for all hours worked during each workweek.

44. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff wages for hours worked at the minimum wage rate in violation of the FLSA and the supporting FLSA regulations.

45. At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

46. Defendants did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

47. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

48. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

### COUNT 1
### *Violation of Fair Labor Standards Act (Minimum Wages)*

49. Plaintiff repeats and realleges each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as it fully set forth herein.

50. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C §§ 206(a) and 207(a).

51. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of Plaintiff's employment, and determined the rate and method of Plaintiff's compensation.

52. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

53. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

54. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

55. Plaintiff was entitled to be paid for all hours worked including overtime in a workweek at the minimum wage rate as provided for in the FLSA.

56. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

57. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff for all hours worked in each workweek at the minimum wage rate, which violated the FLSA, 29 U.S.C §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(1), and 215(a).

58. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked at the minimum wage rate when Defendants knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiff.

59. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

60. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

61. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to recover liquidated damages under the FLSA.

62. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered damages in an amount to be determined by the court of unpaid wages at the FLSA minimum wage rate, together with an equal amount as liquidated damages.

63. Plaintiff is also entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### *Violation of Fair Labor Standards Act (Overtime)*

64. Plaintiff repeats and realleges each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as it fully set forth herein.

65. At all relevant times, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of Plaintiff's employment, and determined the rate and method of Plaintiff's compensation.

66. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

68. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

69. As described above, Defendants are the Plaintiff's "employers" within the meaning of the FLSA, while Plaintiff is an "employee" within the meaning of the FLSA.

70. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to properly compensate Plaintiff in accordance with the FLSA's overtime provisions.

71. Defendants' failure to pay Plaintiff proper overtime wages pursuant to the FLSA was willful within the meaning of 29 U.S.C. § 255(a).

72. As a result of Defendants' actions, Plaintiff has suffered damages in an amount to be determined at trial.

73. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## COUNT 3

### *Violation of the Notice and Recordkeeping Requirements of the NYLL*

74. Plaintiff repeats and realleges each and every one of the allegations set forth in each numbered paragraph above with the same force as if fully set forth herein.

75. Defendants failed to provide the Plaintiff, at his time of hire or at any time thereafter, with a written notice containing,: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

76. Defendants are liable to the Plaintiff in the amount of $5,000.00 in statutory damages pursuant to NYLL § 198, together with attorneys' fees and costs.

## COUNT 4
### *Violation of the Wage Statement Provisions of the NYLL*

77. Plaintiff repeats and realleges each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as it fully set forth herein.

78. With each payment of wages, Defendants failed to provide the Plaintiff with an accurate statement listing all of the following information: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of the pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

79. Defendants are liable for the Plaintiff in the amount of $5,000.00. in statutory damages pursuant to NYLL § 198, together with attorneys' fees and costs.

## **DEMAND FOR A JURY TRIAL**

80. Pursuant to Federal Rule of Civil Procedure 36(b), Plaintiff demands a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An award of compensatory damages to Plaintiff as a result of Defendants' failure to pay proper minimum wages to Plaintiff pursuant to the FLSA and supporting regulations;

c.  An award of liquidated damages as a result of the Defendants' willful failure to pay proper minimum wages to the Plaintiff pursuant to the FLSA and supporting regulations;

d. An award of compensatory damages to Plaintiff as a result of Defendants' failure to pay proper overtime compensation to Plaintiff pursuant to the FLSA and supporting regulations;

e. An award of liquidated damages as a result of the Defendants' willful failure to pay proper overtime compensation to the Plaintiff pursuant to the FLSA and supporting regulations;

f. An award of statutory damages of $5,000.00 to the Plaintiff as a result of Defendants' failure to furnish Plaintiff with a compliant wage notice, pursuant to NYLL § 198;

g. An award of statutory damages of $5,000.00 to the Plaintiff as a result of Defendants' failure to furnish Plaintiff with compliant weekly wage statements, pursuant to NYLL § 198;

h. An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

i. Such other and further relief as this Court determines to be just and proper.

Dated: Long Island City, New York
January 30, 2023

STEPHEN D. HANS & ASSOCIATES, P.C.

By: /s/Stephen D. Hans
Stephen D. Hans (SH-0798)
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
*Attorneys for the Plaintiff*